UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAMON TYSHEEN BORNER,

    Petitioner,

v.                                         Case No. 3:24-cv-21-LC/MJF

STATE OF FLORIDA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Because Petitioner failed to comply with a court order and this case is now moot, the undesigned respectfully recommends the District Court dismiss the habeas petition.

### I. BACKGROUND

While a Florida pretrial detainee confined at the Escambia County Jail, Petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2241. *See* Doc. 6 at 2. Petitioner challenged the Florida trial court's "Nebbia hold" in three state criminal cases: *Florida v. Borner*, No. 2023CF000623 (Fla. Cir. Ct. Oct. 27, 2023); *Florida v. Borner*, No. 2022CF003365A (Fla. Cir. Ct. Oct. 18, 2023); *Florida v. Borner*, No.

2022CF00364A (Fla. Cir. Ct. Sept. 7, 2022) (consolidated with case 2023CF000623). In case No. 2023CF000623, Petitioner pleaded guilty to two counts of "Public Order Crimes—Racketeering Violation" and was convicted and sentenced. In case No. 2022CF003365, a jury found Petitioner guilty of one count of "Possession of Weapon or Ammo by Convicted Florida Felon" and Petitioner pleaded guilty to one count of "Possession of Weapon or Ammo by Convicted Florida Felon."

Because a petitioner's challenge to his pre-trial confinement becomes moot when he is convicted, the undersigned ordered Petitioner to show cause why this case should not be dismissed for mootness. Doc. 7. The undersigned imposed a compliance deadline of August 29, 2024. Doc. 7. As of the date of this report and recommendation, Petitioner has not complied with that order.

## II. DISCUSSION

Federal courts possess an inherent power to dismiss an action for failure to comply with a court order. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). Petitioner

has failed to comply with a court order. This reason alone warrants dismissal of this petition.

Additionally, this case is moot. Once a petitioner is convicted, his challenge to his pre-trial detention becomes moot. *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (per curiam); *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988); *Thorne v. Warden*, 479 F.2d 297, 299 (2d Cir. 1973). At this stage, "[e]ven a favorable decision on [petitioner's] claims would not afford him . . . a reduction in pretrial bail now that [he] has been convicted." *Jones v. Clark*, No. 2:05-CV-0701-MEF, 2007 WL 2746651, at *2 (M.D. Ala. Sept. 19, 2007). Because Petitioner has been convicted in the underlying state criminal proceedings, his habeas petition is now moot. The District Court, therefore, should dismiss this petition.

### III. Conclusion

Because Petitioner failed to comply with a court order and because his petition is now moot in light of Petitioner's convictions, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** Petitioner Ramon Tysheen Borner's petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 11th day of September, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**